# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA

| UNITED STATES OF AMERICA | JUDGMENT IN A CRIMINAL CASE |
|---|---|
| | (For Revocation of Probation or Supervised Release) |
| v. | |
| | Case Number: 8:09-CR-589-T-17MAP |
| DUAN JERMAINE MOSELY | USM Number: 38864-018 |
| | AFPD Adam Allen |
| | Defendant's Attorney |

**THE GOVERNMENT:**
__X__ withdrew charge number 1 of the term of supervision.

**THE DEFENDANT:**
__X__ entered nolo contendere pleas to violation of charge numbers 2 and 3 of the term of supervision.

__X__ entered guilty plea to violation of charge number 4 of the term of supervision.

| **Violation Charge Number** | **Nature of Violation** | **Violation Ended** |
|---|---|---|
| 2 | New criminal conduct, Misdemeanor Possession of Cannabis | December 16, 2009 |
| 3 | New criminal conduct, Possession of Drug Paraphernalia | December 16, 2009 |
| 4 | Failure to notify the probation officer within seventy-two Hours after being arrested or questioned by a law enforcement officer | On or before December 22, 2009 |

The defendant is sentenced as provided in pages 2 through __5__ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

March 8, 2010
Date of Imposition of Judgment

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

MARCH 8th 2010
Date

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of: **TIME SERVED**.

__X__ The defendant is presently on supervision.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____ at

_____ with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

Judgment - Page 3 of 5

DEFENDANT: DUAN JERMAINE MOSELY
CASE NUMBER: 8:09-CR-589-T-17MAP

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **THIRTY-THREE (33) MONTHS**.

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.
The defendant shall not illegally possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, not to exceed 104 tests per year.

| | |
|---|---|
| _ | The mandatory drug testing provisions of the Violent Crime Control Act are waived. However, the court authorizes the Probation Office to conduct random drug testing not to exceed 104 tests per year. |
| X | The defendant shall not possess a firearm, destructive device, or any other dangerous weapon. |
| X | The defendant shall cooperate in the collection of DNA as directed by the probation officer. |
| _ | The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works or is a student, as directed by the probation officer. |
| _ | The defendant shall participate in an approved program for domestic violence. |

If this judgment imposes a fine or a restitution it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;

2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4) the defendant shall support his or her dependents and meet other family responsibilities;

5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

DEFENDANT: DUAN JERMAINE MOSELY
CASE NUMBER: 8:09-CR-589-T-17MAP

## SPECIAL CONDITIONS OF SUPERVISION:

__X__ The defendant shall participate in the Home Detention program for a period of __SIX (6) MONTHS__. During this time, defendant will remain at defendant's place of residence except for employment, one hour daily exercise and other activities approved in advance by the defendant's Probation Officer. The defendant will be subject to the standard conditions of Home Detention adopted for use in the Middle District of Florida, which may include the requirement to wear an electronic monitoring device and to follow electronic monitoring procedures specified by the Probation Office. Further, the defendant shall be required to contribute to the costs of these services not to exceed an amount determined reasonable by the Probation Office based on the defendant's ability to pay.

__X__ The defendant shall submit to a search of his person, residence, place of business, computer, or vehicle, conducted by the United States Probation Officer at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of release; failure to submit to a search may be grounds for revocation; defendant shall inform any other residents that the premises may be subject to a search, pursuant to this condition.

__X__ The Defendant shall participate in a substance abuse program (outpatient and/or inpatient) and follow the probation officer's instructions regarding the implementation of this court directive. Further, the defendant shall contribute to the costs of these services not to exceed an amount determined reasonable by the Probation Office's Sliding Scale for Substance Abuse Treatment Services. During and upon the completion of this program, the defendant is directed to submit to random drug testing.

__X__ As directed by the United States Probation Officer, any unpaid portion of the fine shall be paid in monthly installments of not less than $100 to commence three months after release from imprisonment.

DEFENDANT: DUAN JERMAINE MOSELY
CASE NUMBER: 8:09-CR-589-T-17MAP

# CRIMINAL MONETARY PENALTIES

The defendant must pay the following total criminal monetary penalties under the schedule of payments set forth on sheet 6.

| | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **TOTALS:** | $ | $1000.00 | |

\_\_\_\_ The determination of restitution is deferred until _____. An Amended Judgment in a Criminal Case (AO 245C) will be entered after such determination.

\_\_\_\_ The defendant shall make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. §3664(i), all non-federal victims must be paid before the United States is paid.

**Name of Payee**            **Restitution Ordered**

Total:

\_\_\_\_ Restitution amount ordered pursuant to plea agreement $_____

\_\_\_\_ The defendant must pay interest on restitution or a fine more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. §3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. §3612(g).

\_\_\_\_ The Court determined that the defendant does not have the ability to pay interest and it is ordered that:

\_\_\_ the interest requirement is waived for the \_\_\_\_\_ fine \_\_\_\_\_ restitution.

\_\_\_ the interest requirement for the \_\_\_\_\_ fine \_\_\_\_\_ restitution is modified as follows:

*Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.